UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYRIL NNADOZIE OKOLI,<br>Plaintiff,<br><br>v.<br><br>SHANITA R. TUCKER, et al.,<br>Defendants. | Civil Action No.<br>22-10316-NMG |

| | |
|---|---|
| CYRIL NNADOZIE OKOLI,<br>Plaintiff,<br><br>v.<br><br>SHANITA R. TUCKER, et al.,<br>Defendants. | Civil Action No.<br>22-10401-NMG |

**ORDER**

GORTON, J.

Now before the Court are two pro se actions filed by Cyril Nnadozie Okoli, who is currently residing in Nigeria after having been removed from the United States.  He brings suit against the United States Citizenship and Immigration Services ("USCIS") and the current USCIS Field Officer Director.

The Court's records indicate that Okoli's 2021 lawsuit against USCIS and a former USCIS Field Office Director was dismissed for insufficient service.  See Okoli v. Smith, C.A.

No. 21-10419-NMG (dismissed Feb. 20, 2022).  Two days later, on February 22, 2022, Okoli filed in the United States District Court for the Southern District of New York, a complaint against the current USCIS field office director and USCIS.  See Okoli v. Tucker, C.A. No. 22-1439 (LTS) 10316-NMG (S.D.N.Y Feb. 22, 2022).  On February 25, 2022, the action was transferred to the District of Massachusetts.  See Transfer Order, Okoli v. Tucker, C.A. No. 22-10401-NMG (Docket No. 6).

On February 24, 2022, Okoli filed in the District of Massachusetts a complaint against the current USCIS field office director and USCIS.  See Okoli v. Tucker, C.A. No. 22-10316-NMG (filed Feb. 24, 2022).

Okoli's complaints are nearly identical and they assert the same claims for relief from the same defendants.  Because of this, the two cases should be consolidated.  Accordingly, and upon review of the pending motions, it is hereby Ordered that:

1.  In accordance with the Court's inherent power to control its docket, and in accordance with Federal Rule of Civil Procedure 42(a), Civil Action No. 22-10401-NMG is CONSOLIDATED into Civil Action No. 22-10316-NMG.

2.  Civil Action No. 22-10316-NMG shall be the lead case and all future filings shall be made in Civil Action No. 22-10316-NMG.

3.  Plaintiff's Motions for leave to proceed in forma pauperis (Docket No2. 2, 3) are granted.

2

4.   The Clerk shall issue summonses for service of the
     complaint (Docket No. 1).

5.   Plaintiff shall have 90 days from the date of the
     issuance of the summons to complete service.  Failure
     to complete service within 90 days may result in
     dismissal of the action.  See Fed. R. Civ. P. 4(m);
     Local Rule 4.1 (D. Mass.).

6.   Plaintiff's motion for alternative method of service
     (Docket No. 8) is granted to the extent that the Clerk
     shall deliver directly to the United States Marshals
     Service ("USMS") copies of the summons, complaint and
     USM-285 form.   The USMS shall serve the summons and
     complaint on the defendants, the United States
     Attorney for the District of Massachusetts, and the
     Attorney General of the United States in accordance
     with Rule 4 of the Federal Rules of Civil Procedure.

7.   Plaintiff's Motion for Leave to file electronically
     (Docket No. 7) is granted on the condition that the
     plaintiff satisfies all applicable requirements for
     pro se litigants.  First plaintiff must have an
     individual PACER account to electronically file in the
     District of Massachusetts. Plaintiff can register for
     a PACER account by going to the Pacer website at
     https://pacer.uscourts.gov/register-account.  Pro se
     e-filing account instructions can be found at
     https://www.mad.uscourts.gov/caseinfo/nextgen-pro-
     se.htm.  If plaintiff already has a PACER account with
     E-Filing access as a pro se litigant, plaintiff need
     not register again.

8.   Plaintiff's Motion (Docket No. 6) for a Preliminary
     Injunction and Motion (Docket No. 9) for a Temporary
     Restraining Order are denied.  Plaintiff's motions
     fail to meet the requirements for preliminary
     injunctive relief or a temporary restraining order
     pursuant to this Court's Local Rules or Rule 65 of the
     Federal Rules of Civil Procedure.  Plaintiff's motions
     are not accompanied by a memorandum of reasons and
     affidavits or other supporting documents.  See Local
     Rule 7.1(b)(1).  Moreover, there is no certification
     in writing of any effort plaintiff has made to provide
     at least informal notice and no details as to the

reasons why such notice should not be required.  <u>See</u> Fed. R. Civ. P. 65(a)(1).

9.   Plaintiff's motion to expedite (Docket No. 12) is denied as moot.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated: June 3, 2022

4